UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE DWAYNE CLARK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANDREW CIOLLI, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01081-ADA-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 16) |

Plaintiff Willie Dwayne Clark is proceeding *pro se* and *in forma pauperis* in this civil action brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 6, 2022, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed, without leave to amend, for Plaintiff's failure to state a cognizable claim for relief. (ECF No. 16.) Plaintiff was afforded 14 days within which to file any objections. (*Id*. at 13.)

On December 14, 2022, Plaintiff filed his objections to the magistrate judge's findings. (ECF No. 17.) Plaintiff indicates he previously requested counsel because he is unfamiliar with the applicable law and does not have any legal guidance. (*Id*. at 1.) Further, Plaintiff contends he

is "a state prisoner" who retains the "same legal rights [he] had while in state prison," citing to a Colorado statute concerning legal mail. (*Id*.) Next, Plaintiff asks the Court to appoint counsel "because there are real issues with constitutional rights violations" and he should not "be denied justice" due to his lack of legal knowledge. (*Id*.) He claims he continues to suffer from the side effects of COVID-19 and the legal mail issue. (*Id*.) Plaintiff concludes by stating he does not have access to any legal materials at present and does not "know anything about the Rules of Procedures for a Bivens claim." (*Id*. at 2.)

This Court notes Plaintiff's previous motion to appoint counsel was denied on August 16, 2021. (ECF No. 8.) As the magistrate judge explained in that order, plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions except in exceptional circumstances. (*Id*. at 1.) The Court did not find exceptional circumstances here, noting it is faced with similar cases everyday wherein the plaintiff is not well versed in the law and that a determination concerning the likelihood of success on the merits of Plaintiff's claims could not then be made. (*Id.* at 2.) To the extent Plaintiff's objections can be construed to include a renewed motion for the appointment of counsel, the motion is denied. Plaintiff's case is not exceptional. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir. 1980). Moreover, the likelihood of success on the merits of his claims has now been determined adversely to Plaintiff.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations issued on December 6, 2022 (ECF No. 16) are **ADOPTED** in full;
2. Plaintiff's motion to appoint counsel, included as a part of his objections (ECF No. 17), is **DENIED**; and,

///

///

2

3. This action is **DISMISSED** without leave to amend for a failure to state a claim.

IT IS SO ORDERED.

Dated: June 1, 2023

UNITED STATES DISTRICT JUDGE